# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Newman McIntosh & Hennessey, LLP**<br>7315 Wisconsin Avenue,700 East<br>Bethesda, MD  20814<br><br>　*Plaintiff*<br><br>v.<br><br>**The Honorable George W. Bush**<br>President of the United States<br>1600 Pennsylvania Avenue, NW<br>Washington, DC  20500<br><br>**Acumen Legal Services (India) Pvt., Ltd.**<br>Flat No. 101, #3-4-543 & 544<br>Laxmi Nilayam Apartment<br>Adj: YMCA Ground<br>Narayanaguda, Hyderabad 500027<br>Andhra Pradesh, India<br><br>**Acumen Solutions, LLC**<br>1100 Bearing Drive, #231<br>Houston, TX 77057<br><br>and<br><br>**John Doe, Esq. and Jane Doe, Esq.**<br>Addresses yet unknown<br><br>　*Defendants* | **COMPLAINT FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF**<br><br>Civil Action No: _____ |

## NATURE OF THE ACTION

India-based Acumen Legal Services (India) Pvt., Ltd. ("Acumen India") has solicited NMH to provide litigation support services to NMH from its offices in India. Acumen India is part of a fast-growing industry of Legal Process Outsourcers ("LPO")

that promise lower litigation support costs through outsourcing litigation support services to foreign nationals who live and work overseas. Acumen India, and other such LPOs ("litigation process outsourcers"), provides its litigation support services through the electronic transmission of documents and other data from U.S.-based law firms to Acumen India's offices. In its solicitation of NMH's business, Acumen India informed NMH that it already provides such litigation support to certain District of Columbia and U.S. based attorneys (herein designated as "John Doe, Esq. and Jane Doe, Esq."). On information and belief, John Doe, Esq. and Jane Doe, Esq. are competitors to NMH or are adverse to NMH clients in litigation.

   Newman McIntosh & Hennessey, LLP ("NMH") brings this action for declaratory judgment and equitable relief in order to gain certainty about whether the electronic transmission of data from the United States to Acumen India waives Fourth Amendment protection with respect to the data that is electronically transmitted. It seeks this declaration knowing that foreign nationals who reside overseas lack Fourth Amendment protections. It seeks this declaration having been informed, through published materials, that the United States Government engages in pervasive surveillance of electronically transmitted data wherein one party to the transmission is a foreign national residing overseas. NMH seeks declarations as to whether

   1) its own electronic transmission of client data will affect a waiver of Fourth Amendment protections to that data,

2) John Doe Esq. or Jane Doe, Esq.'s electronic transmission of non-client data (such as data produced to John Doe, Esq. and Jane Doe, Esq. during civil discovery) will waive Fourth Amendment protections to such data,

3) NMH, John Doe, Esq., and Jane Doe, Esq. are required to obtain prior consent of the owner of such data prior to electronically transmitting it to foreign nationals residing overseas,

4) LPOs, such as Acumen, have an obligation to disclose the likelihood of Fourth Amendment waiver with respect to any data that is electronically transmitted to them, and

5) President Bush has an obligation to establish intelligence gathering protocols for the purpose of safeguarding Fourth Amendment rights with respect to attorney communications to and from foreign nationals residing overseas.

NMH also seeks injunctive relief commensurate with any declarations made by the Court.

## PARTIES TO THE ACTION

1. Newman McIntosh & Hennessey, LLP is a Maryland registered limited liability partnership with its offices at 7315 Wisconsin Avenue, Suite 700 East, Bethesda, MD. NMH provides litigation services.

2. Acumen Legal Services (India) Pvt., Ltd. ("Acumen India") is located at Flat No. 101, #3-4-543 & 544, Laxmi Nilayam Apartment Adj: YMCA Ground, Narayanaguda, Hyderabad 500027, Andhra Pradesh, India. Acumen India has corporate citizenship in India. Acumen India describes itself as "India's premier legal process outsourcing (LPO)

3

company." Acumen India employs natives of India who are (for purposes of the Fourth Amendment declarations requested) foreign nationals residing overseas. Acumen India's personnel provide a variety of litigation and legal support services to United States-based attorneys at significantly reduced rates relative to the rates for the same services within the United States. Specifically (and according to Acumen's own published materials) Acumen India's services include "Drafting Motions, Responses," "Discoveries and Responses," "Taking intake calls," "Document Production," "Document Review" and "Document Coding." Acumen provides these "paperless" services using a "server based computing environment" and "[s]erver based computing." Acumen represents that its "team of legal secretaries, paralegals and lawyers work around the clock to ensure that the case moves from intake stage through to the trial stage in the shortest possible time, saving law firms valuable time and resources." Acumen represents that 20 law firms have used its services "reducing their costs by more than 40%" while increasing "case handling capacity by as much as 200%." Acumen India directly engages in business in the District of Columbia.

3.  <u>Acumen Solutions, LLC</u>, is a Texas-based subsidiary of Acumen India. On information and belief, Acumen India does part of its business in the United States through Acumen Solutions, LLC.

4.  <u>John Doe, Esq. and Jane Doe, Esq.</u> are District of Columbia and United States-based attorneys (not yet identified) residing in the United States who use Acumen's litigation support services. Such attorneys are either competitors of NMH or litigation adversaries to NMH.

5. <u>George W. Bush</u> is President of the United States and the Chief Executive Officer of the United States Government. President Bush, directly and through his deputies in the Executive Branch, is responsible for devising and implementing policies and procedures with respect to the signals intercept and other intelligence gathering functions of the Director of National Intelligence, the National Security Agency ("NSA"), and other United States Government intelligence agencies. On information and belief, President Bush is also responsible for recommending procedures for the sharing of intelligence gathering with The United Kingdom, Canada, New Zealand, and Australia ("UKUSA Allies").

## JURISDICTION AND VENUE

6. Subject matter jurisdiction in this matter is proper under 28 U.S.C..A. § 1336 (a)(1) as there is complete diversity of citizenship between the parties and the value of the services provided by Acumen Solutions, LLC exceeds $75,000 and the value of the services provided by Acumen Legal Services, Ltd., Pvt. Exceeds $75,000. Subject matter jurisdiction is also founded upon claim 28 U.S.C.A. § 1346 (a)(1) as the United States is a defendant in an action founded upon the Constitution yet where there exists no claim for money damages against the United States.

7. The United States District Court for the District of Columbia has personal jurisdiction over Defendant Acumen as Defendant Acumen regularly conducts business in the District of Columbia and by doing so has availed itself of the jurisdiction of the District of Columbia. Further, President Bush has his principal place of residence in the

District of Columbia and directs the majority of executive branch functions from the District of Columbia.

8.      Venue is proper as the Parties all conduct and solicit substantial business in the District of Columbia.

## ALLEGATIONS

9.      Through various interpretations of the United States Constitution, it has been long-held that foreign nationals residing overseas have no Fourth Amendment rights or protections.

10.     On information and belief, the view of President Bush is that where at least one party to a communication is a foreign national residing overseas, no party to that communication has a reasonable expectation of privacy to that communication sufficient for the maintenance of Fourth Amendment rights. Specifically, where at least one party to a communication is a foreign national residing overseas, all the parties to that communication waive Fourth Amendment protections with respect to any and all parts of that communication that are received by the foreign national residing overseas.

11.     Since the Fourth Amendment provides no protection to foreigners living overseas, the United States Government, by and through such entities as the National Security Agency ("NSA"), has the authority to intercept any communication that has at least one foreign terminus.

12.     The Ninth Circuit Court of Appeals has recognized that the existence of NSA surveillance capabilities is so widely known that the United States Government can no

longer avoid discussion of its existence or activities under the "state secrets" privilege. *Al-Haramain Islamic Foundation, Inc. v. Bush*, 507 F.3d 1190 (9th Cir. 2007).

13. The United States, United Kingdom, New Zealand, Australia, and Canada participate in an electronic surveillance program called ECHELON.

14. ECHELON is an automated global interception and relay system operated by the United States Government and its UKUSA Allies. ECHELON is administered by the NSA.

15. On information and belief, ECHELON intercepts as many as 3 billion communications every day, including phone calls, e-mail messages, Internet downloads and satellite transmissions.

16. According to published materials, raw data seized from ECHELON intercepts are relayed to NSA memory buffers.

17. Published materials estimate that memory buffers maintained by NSA store five trillion pages of data. Thus, the United States Government seizes the raw data harvested by ECHELON.

18. According to published materials, raw data loaded into NSA memory buffers are digitally searched using key words and phrases supplied by the intelligence agencies of the United States, Canada, The United Kingdom, New Zealand, and Australia. Thus, the United States Government searches the raw data that it has seized through ECHELON.

19. According to published materials, intelligence information that corresponds with the key words and phrases supplied by the UKUSA allies is transferred to those agencies.

20. According to Sixth Circuit Court of Appeals precedent, once the NSA has lawful possession of an intercept, it may share that intercept with or any other agency of the federal government without violating the Fourth Amendment.

21. Acumen India provides its litigation support and other services in India.

22. Acumen India provides its litigation and other services in a paperless environment, *i.e.*, Acumen obtains and sends the information required for its services via electronic transmissions.

23. On information and belief, Acumen India provides litigation support services where all parties to litigation pending in the United States are American citizens and there exist no foreign parties to the lawsuit.

24. Acumen India provides its services through foreign nationals who reside overseas in India.

25. The foreign nationals who work for Acumen in its facilities in India have no Fourth Amendment rights under the United States Constitution.

26. Transmissions of electronic data from the United States to Acumen lack Fourth Amendment protection because a counterparty to such electronic communications is a foreign national residing overseas.

27. Because of the pervasive nature of NSA surveillance through ECHELON and other surveillance systems, transmissions from the United States to Acumen in India, and transmissions from Acumen in India to the United States are seized by the United States Government.

28. Transmissions that are seized by the United States Government are also searched by the United States Government.

29. Where electronic transmission of data to Acumen India pertains to litigation matters wherein all parties to the litigation are American citizens residing in America, the electronic transmission of such data confers a windfall of information about such American citizens to the U.S. Government.

30. Because of legal precedent in the United States, there exist no restrictions on the United States Government's ability to transfer information intercepted through its surveillance systems to various agencies within the federal government.

31. Because of the cooperative nature of the ECHELON system, there is nothing that shields the intercepted data from being disclosed to the Canadian, British, Australian or New Zealand governments.

32. Because information electronically transmitted to foreign nationals residing overseas is, in fact, seized through the ECHELON program, attorney-client privileges otherwise protecting communications between United States-based attorneys and foreign nationals residing overseas are breached.

33. Because of the pervasive nature of the seizure and search of electronic transmissions obtained through ECHELON, the United States Government is necessarily engaged in the seizure and search of client secrets and client confidences.

34. In sum, electronic transmissions from the United States to foreign nationals residing overseas appear to affect a waiver of Fourth Amendment rights, a waiver of attorney-client privileged communications, and can affect a disclosure of client

confidences and secrets. This waiver of rights would nullify the reasonable expectation of privacy that American citizens – litigating purely domestic disputes in U.S. Courts – would have in the documents that they produce in the course of civil litigation.

35.     NMH has been actively solicited by Acumen India to outsource litigation support services to its offices in India.

36.     At no time during this solicitation did Acumen India disclose that electronic transmission of data provided by NMH would affect a waiver of Fourth Amendment rights in the data that is electronically transmitted.

37.     On information and belief, John Doe, Esq. and Jane Doe, Esq. do not disclose to their clients or adversaries in litigation that the electronic transmission of data to foreign nationals residing overseas will affect a waiver of Fourth Amendment rights.

38.     On information and belief, John Doe, Esq. and Jane Doe, Esq do not obtain from their clients or from their adversaries in litigation, written, knowing waivers of Fourth Amendment protections prior to those attorneys electronically transmitting their data to foreign nationals residing overseas.

39.     On information and belief, the United States has no protocol in place that will protect the electronic communications between a United States based attorney and a foreign national residing overseas from disclosure to the United States Government or its UKUSA Allies.

40.     Plaintiff believes that there is a substantial likelihood of damage to United States-based clients of legal services where Fourth Amendment rights are involuntarily waived

through a United States- based attorney electronically transmitting data from the United States to foreign nationals, such as Acumen, residing overseas.

# COUNT I
Declaration of Rights and Obligations with Respect to
NMH; John Doe, Esq.; and Jane Doe, Esq.

41. Plaintiff incorporates the allegations of Paragraph 1 through Paragraph 40 into the allegations of Count I.

42. With respect to NMH, Plaintiff seek a declaration by the Court on the following question:

> **Given the pervasive nature of the signals intercept by the United States Government and UKUSA Allies, will the electronic transmission of data to foreign nationals residing overseas waive Fourth Amendment protections with respect to the information transmitted?**

43. Such a declaration is necessary because, in an increasingly globalized legal services environment, NMH must understand the extent of Fourth Amendment waiver where attorneys electronically transmit data to foreign nationals residing overseas for legal services.

# COUNT II
Declaration of Rights and Obligations with Respect to
NMH; John Doe, Esq.; and Jane Doe, Esq.

44. Plaintiff incorporates the allegations of Paragraphs 1 through 40 into the allegations of Count II.

45. With respect to NMH, Plaintiff seeks a declaration by the court on the following question:

> **If Fourth Amendment rights are at risk of being waived by the electronic transmission of data to foreign nationals residing overseas, are United States attorneys who electronically transmit data to foreign nationals residing overseas obligated to disclose to clients – prior to the transmission – that such a transmission will waive Fourth Amendment rights with respect to the information that is transmitted?**

46.   Such a declaration is necessary because attorneys need to understand what disclosures are necessary for to ensure that Fourth Amendment rights are not inadvertently waived by attorneys who have not disclosed Fourth Amendment waiver issues to clients prior to electronically transmitting data to foreign nationals residing overseas.

## COUNT III
Declaration of Rights and Obligations with Respect to
NMH; John Doe, Esq.; and Jane Doe, Esq.

47.   Plaintiff incorporates the allegations of Paragraphs 1 through 40 into the allegations of Count III.

48.   With respect to NMH; John Doe, Esq.; and Jane Doe, Esq., Plaintiff seeks a declaration by the court on the following question:

> **If Fourth Amendment rights are at risk of being waived by the electronic transmission of data to foreign nationals residing overseas, must United States-based attorneys obtain a written, knowing waiver – prior to transmission – of Fourth Amendment rights with respect to the information that is transmitted?**

49.   Such a declaration is necessary because the question of whether the waiver, to the extent there is one, was knowing and voluntary will undoubtedly arise. Critical to that

analysis will be whether sufficient evidence exists to determine that the client made a knowing and voluntary waiver of Fourth Amendment rights.

### COUNT IV
Declaration of Rights and Obligations with Respect to
NMH; John Doe, Esq.; and Jane Doe, Esq.

50.     Plaintiff incorporates the allegations of Paragraphs 1 through 40 into the allegations of Count IV.

51.     With respect to NMH; John Doe, Esq.; and Jane Doe, Esq., Plaintiff seeks a declaration by the court on the following question:

> **If Fourth Amendment rights are waived with respect to the electronic transmission of data to foreign nationals residing overseas, must United States-based attorneys who have already electronically transmitted data to foreign nationals residing overseas disclose all such prior communications to their clients and non-clients (*e.g.*, adverse parties in litigation or third parties from whom documents have been obtained) so that those persons can assess whether they have been damaged by the loss of Fourth Amendment protections?**

52.     Such a declaration is necessary to determine whether data has already been seized by the United States Government or its UKUSA allies, to determine whether clients whose data has already been electronically transmitted should make inquiry with the United States Government about whether it retains such data, and so that clients can assess whether they have been damaged by prior disclosures.

## COUNT V
### Declaration of Rights and Obligations with Respect to NMH; John Doe, Esq.; and Jane Doe, Esq.

53. Plaintiff incorporates the allegations of Paragraphs 1 through 40 into the allegations of Count V.

54. With respect to John Doe, Esq. and Jane Doe, Esq., Plaintiff seek a declaration by the court on the following question:

> **Where attorneys obtain data from non-clients, *e.g.* opponents in litigation or third parties from whom data is obtained, must the attorney seek the prior consent of that non-client prior to electronically transmitting that data to a foreign national residing overseas?**

55. Such a declaration is necessary in order for NMH to safeguard its clients' Fourth Amendment rights with respect to data provided to litigation opponents in the course of civil discovery. This declaration is needed because litigants appear to be waiving the Fourth Amendment rights of their litigation adversaries by electronically transmitting documents to Acumen and other overseas LPOs when they outsource litigation support processes.

## COUNT VI
### Declaration of Obligation with Respect to Fourth Amendment Rights as to Acumen

56. Plaintiff incorporates the allegations of Paragraphs 1 through 40 into the allegations of Count VI.

57. With respect to Acumen and other similarly situated LPOs or entities engaged in providing litigation support services using foreign nationals residing overseas, Plaintiff seeks a declaration with respect to the following question:

> **Must foreign nationals who do solicit business in the United States to provide litigation support services overseas disclose that any electronic transmission of data to a foreign national residing overseas will waive Fourth Amendment rights with respect to the information that is electronically transmitted?**

58. Such a declaration is necessary in order for those contemplating the use of LOP services to be on notice that the electronic transmission of data to such foreign nationals residing overseas will waive Fourth Amendment rights.

## COUNT VII
Declaration of Obligation with Respect to
Fourth Amendment Rights
As to George W. Bush
President of the United States

59. Plaintiff incorporates the allegations of Paragraphs 1 through 40 into the allegations of Count VI.

60. With respect to President George Bush and the Executive Branch agencies over which he has authority and oversight, Plaintiff seeks a declaration with respect to the following question:

> **Given the increasingly global nature of commerce, and given the need for United States-based attorneys to have assurance that neither the United States Government or its UKUSA Allies will intrude into the otherwise privileged and confidential attorney-client communications wherein a party to such communication is a foreign national residing overseas, is the President of the United States obligated to establish protocols and procedures to ensure that electronic transmissions to and from a U.S.-based attorney and a foreign national counterpart residing**

**overseas is not subject to seizure by the United States Government and its UKUSA Allies?**

61. Attorneys in the United States need guidance about whether the United States Government, including the United States District Courts, place sufficient value on the sanctity of attorney-client communications to put in place processes and protocols that will shield attorney-client privileged communications from review by agents of the United States Government or its UKUSA allies.

## PRAYER FOR RELIEF

62. WHEREFORE, Plaintiff Newman McIntosh & Hennessey, LLP prays that the Court will take the following actions:

    a. Make declarations with respect to the questions posed in Counts I-VII of the Complaint.

    b. Where the Court's declaration with respect to Count II is "yes," issue an Order permanently enjoining NMH; John Doe, Esq.; and Jane Doe, Esq. from electronically transmitting data from the United States to foreign nationals residing overseas until such attorneys disclose to their clients that such transmission will waive Fourth Amendment rights with respect to the data that is electronically transmitted.

    c. Where the Court's declaration with respect to Count III is "yes," issue an Order permanently enjoining NMH, John Doe, Esq. and Jane Doe, Esq. until such attorneys obtain written waivers of the Fourth Amendment rights in the data sought to be transmitted – written waivers that evidence the

knowing and voluntary waiver of rights with respect to the data to be electronically transmitted;

d. <u>Permanently enjoin</u> United States-based attorneys from electronically transmitting data obtained from non-clients to foreign nationals residing overseas without obtaining the prior consent of such persons.

e. Issue an <u>Order</u> that all United States-based attorneys who have electronically transmitted client or non-client data to foreign nationals residing overseas to disclose all such prior transmissions to their clients and non-clients.

f. <u>Permanently enjoin</u> all foreign based LPOs, such as Acumen India, from soliciting business in the United States until such LPOs conspicuously disclose (in appropriate type-face for printed materials, and in oral disclosures where such written materials are not used) that the electronic transmission of data from the United States to foreign nationals residing overseas will affect a waiver of Fourth Amendment protection of such data and documents.

g. Issue an <u>Order</u> that within 180 days, the President of the United States establish protocols and procedures that will prevent the waiver of Fourth Amendment rights with respect to electronically transmitted data from United States-based attorneys to foreign nationals residing overseas, and thereby safeguard the attorney-client privilege and client communications and client confidences and secrets.

h.  Provide any and all equitable and legal relief that is necessary to safeguard the rights of attorneys, their clients, and non-client parties who produce documents to attorneys.

Respectfully submitted this Wednesday, May 07, 2008,

Joseph A. Hennessey, Esq.
DC Bar No. 453582
Newman McIntosh & Hennessey, LLP
7315 Wisconsin Avenue, 700 East
Bethesda, MD  20814
(301) 654-3400

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

08-787
CKK

## I (a) PLAINTIFFS
Newman McIntosh & Hennessey, LLP

88888

## DEFENDANTS
President George W. Bush, Acumen Legal Services (India) Pvt., Acumen Solutions, LLC, John Doe, Esq., Jane Doe, Esq.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery, CO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Joseph A. Hennessey, Esq.
7315 Wisconsin Avenue, Suite 700 East
Bethesda, MD 20814
(301) 654-3400

Case: 1:08-cv-00787
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 5/7/2008
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
- ☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ⊗ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Declaratory Judgment and Injunctive Relief with respect to rights and obligations under the Fourth Amendment of the Constitution.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Check YES only if demanded in compl:  JURY DEMAND: YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ⊗  If yes, please complete related case form.

DATE May 1, 2008    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.